IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT RUFFER | ) | CASE NO. |
| 118 W. Streetsboro | ) | |
| Ste. 234 | ) | JUDGE: |
| Hudson, Ohio 44236 | ) | |
| | ) | |
|   Plaintiff | ) | |
| | ) | |
|  vs. | ) | |
| | ) | |
| GLOBAL TELEHEALTH | ) | |
| SERVICES, INC. | ) | |
| 75 Milford Drive | ) | |
| Suite 201 | ) | |
| Hudson, Ohio 44236 | ) | |
| | ) | |
|   and | ) | |
| | ) | |
| CHRISTOPHER T. BESEDA | ) | |
| 111 S. Hayden Parkway | ) | |
| Hudson, Ohio 44236 | ) | |
| | ) | |
|   and | ) | |
| | ) | |
| THOMAS W. SWIDARSKI | ) | |
| 6761 Pheasant Ridge | ) | |
| Hudson, Ohio 44236 | ) | |
| | ) | |
|   and | ) | |
| | ) | |
| DAVID M. THOMAS | ) | |
| 6610 Chatsworth St. NW | ) | |
| Canton, Ohio 44718 | ) | |

|  |  |
|---|---|
| and | ) |
|  | ) |
| BRIAN BATTEY | ) |
| c/o Global Telehealth Services, Inc. | ) |
| 75 Milford Drive | ) |
| Suite 201 | ) |
| Hudson, Ohio 44236 | ) |
|  | ) |
| and | ) |
|  | ) |
| VICKI TIFFT | ) |
| c/o Global Telehealth Services, Inc. | ) |
| 75 Milford Drive | ) |
| Suite 201 | ) |
| Hudson, Ohio 44236 | ) |
|  | ) |
| Defendants | ) |
|  | ) |

## COMPLAINT FOR MONEY DAMAGES

**(Jury Demand Endorsed Hereon)**

### Introduction

1. Plaintiff brings this case to challenge policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio minimum wage and overtime compensation statutes and constitutional provisions, Ohio Rev. Code Ann. § 4111.01 *et seq.*, and Ohio Constitution Art. II, Sec. 34a, and for breach of fiduciary duties related to the issuance of certain equities.

### Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and Constitution of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because some or all of the Defendants reside in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

5. At all times relevant, Plaintiff Scott Ruffer ("**Mr. Ruffer**") was a citizen of the United States and a resident of Summit County, Ohio.

6. Defendant Global Telehealth Services, Inc. ("**GTS**"), is a Florida corporation with its principal place of business in Hudson, Ohio.

7. Defendant Christopher T. Beseda ("**Mr. Beseda**") is an owner and operator of GTS and is sued in his individual capacity.

8. Defendants Thomas W. Swidarski, David M. Thomas, Brian Battey, and Vicki Tifft (the "**Board Members**") are members of the Board of Directors of GTS.

## Factual Allegations

### Defendants' Status as Employers

9. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), O.R.C. §§ 4111.01, *et seq.*, and Ohio Constitution Art. II, Sec. 34a, and employed non-exempt employees, including Plaintiff.

10. At all times relevant, Mr. Beseda was an employer pursuant to 29 U.S.C. § 203(d) in that he was a "person [who] act[ed] directly or indirectly in the interest of an employer," GTS, "in relation to employees," including Mr. Ruffer. Mr. Beseda had

operational control over significant aspects of GTS's day-to-day functions, including compensation of employees including Mr. Ruffer. Mr. Beseda was also an employer pursuant to O.R.C. §§ 4111.01, *et seq.*, and Ohio Constitution Art. II, Sec. 34a.

11. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

14. Defendants were each employers of Plaintiff as each Defendant exercised the power to hire or fire employees; supervised and controlled employees' work schedules or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

### Plaintiff's Employment with GTS

15. Mr. Ruffer worked for GTS as its Sales Director from in or about April 2017 through March 2020.

16. At all times relevant, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

17. While Mr. Ruffer's employment contract with GTS called for an annual salary of $250,000, he agreed to a work for a reduced salary of $150,000 to account for GTS's distressed financial condition, and in the hopes that his reduced salary would permit GTS to gain financial strength to the point at which it could viably compensate Mr. Ruffer at his full salary.

18. Despite that agreement, GTS fell woefully short of ever paying Mr. Ruffer even his lower negotiated salary.

19. In 2017, GTS shorted Mr. Ruffer $37,500 in salary.

20. In 2018, GTS shorted Mr. Ruffer $64,000 in salary.

21. In 2019, GTS shorted Mr. Ruffer $52,000 in salary.

22. In addition to his salary, GTS also promised Mr. Ruffer ten percent equity in the company, of which 125,000 shares have vested.

23. Thus, Mr. Ruffer is an equity holder in GTS.

24. During Mr. Ruffer's employment, GTS raised money from investors by selling equity at $1.25 per share. Subsequently, however, Mr. Beseda and the Board Members permitted members of the board and other non-board-level advisors to GTS to purchase shares in GTS at the value of $.27 per share, more than four and a half times less their fair market value based on the strike price for equity at the last capital raise.

25. In addition to not offering equity at this discounted rate to other shareholders (including Plaintiff), Defendants concealed the fact of the discounted equity offering to Plaintiff and other shareholders.

26. Mr. Ruffer was forced to resign his employment from GTS and to accept employment with a different company because of GTS's repeated failures to pay his salary due and owed to him, and his need to actually earn an income.

### GTS's Wage Violations

27. While GTS classified Mr. Ruffer as an "exempt" employee under the Fair Labor Standards Act, that status depends in part upon GTS paying Mr. Ruffer a minimum weekly salary of $455 for any weeks in which he suffered to work for GTS through

December 31, 2019, and a minimum weekly salary of $684 for any weeks in which he suffered to work for GTS from January 1, 2020, through the end of his employment.

28. For any weeks in which GTS failed to pay Mr. Ruffer that minimum required salary to maintain his status as an exempt employee under the FLSA, GTS misclassified Mr. Ruffer as exempt; during those weeks he was a non-exempt employee.

29. The FLSA required Defendants to pay Mr. Ruffer at least the minimum wage, and to pay his overtime compensation at one and one-half times her "regular rate" for all hours worked more than forty hours in a workweek. 29 U.S.C. §§ 206, 207, for all weeks in which he was misclassified as exempt through the failure to meet the minimum required salary to maintain his exempt status under the FLSA.

30. For those weeks in which GTS failed to pay Mr. Ruffer a salary, the FLSA required Defendants to pay him at least the minimum wage. 29 U.S.C. § 206.

31. The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. 29 U.S.C. § 206. Ohio's minimum wage is adjusted annually as specified by Ohio Const. Article II, Section 34a, and was $8.15 per hour in 2017, $8.30 per hour in 2018, and $8.55 per hour in 2019.

32. Defendants failed to pay Mr. Ruffer at least the lawful minimum wage rate for all hours worked each workweek in which it failed to pay him a salary.

33. The FLSA and Ohio law also required Defendants to pay overtime compensation to their non-exempt employees at the rate of one and one-half times their regular rate for the hours they worked more than forty (40). 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

34. Mr. Ruffer frequently worked more than forty (40) hours in a single workweek, but Defendants did not pay overtime compensation to Plaintiff at the rate of one and one-half times her regular rate for the hours he worked in excess of forty (40) hours for any workweek in which GTS did not pay him any salary.

35. Plaintiff should have been paid overtime wages in the amount of 150% of his "regular rate" for all hours worked in excess of forty (40) hours per workweek for any workweek in which Defendants did not pay him any salary.

36. Defendants did not pay overtime compensation to Plaintiff at the time-and-a-half rate for all of the hours he worked in excess of forty hours per week in violation of the FLSA and Ohio law, 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

### GTS's Record-Keeping Violations

37. The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, Ohio law provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

38. Upon information and belief, Defendants violated federal and state record-keeping requirements by failing to maintain accurate and complete records of Plaintiff's time.

### The Willfulness of the Violations

39. Defendants knew that Plaintiff was entitled to overtime compensation pay and minimum wage under federal and state law or acted in reckless disregard for whether he was

so entitled.

40. Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

41. The above payroll practices resulted in minimum wage and overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111; and Ohio Const. Art. II, § 34a.

## Count 1: FLSA Overtime Violations

### (Against GTS and Mr. Beseda)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff brings this claim for violation of the FLSA's overtime provisions pursuant to 29 U.S.C. § 216(b).

44. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

45. Plaintiff should have been paid overtime wages in the amount of 150% of his "regular rate" for all hours worked in excess of forty (40) hours per workweek for any workweek in which GTS did not pay his salary.

46. Defendants did not pay overtime compensation to Plaintiff at the rate of one and one-half times his regular rate for any of his overtime hours.

47. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

48. As a result of Defendants' violations of the FLSA, Plaintiff was injured in that he did not receive wages due to him pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## Count 2: Ohio Overtime Violations

### (Against GTS and Mr. Beseda)

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

51. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

52. Defendants' failure to compensate overtime hours at time and one half violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

53. These violations of O.R.C. § 4111.03 injured Plaintiff in that he did not receive wages due to him pursuant to that statute.

54. O.R.C. 4111.10(A) provides that Defendants, having violated O.R.C. 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

55.

### Count 3: FLSA Minimum Wage Violations

### (Against GTS and Mr. Beseda)

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit, or require them to perform. 29 U.S.C. § 206.

58. Defendants failed to comply with the requirements of 29 U.S.C. § 206 by paying Plaintiff less than the applicable Ohio minimum wage. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's minimum wages as required by federal law. 29 U.S.C. § 206.

59. Defendants' unlawful conduct directly and proximately caused Plaintiff to suffer damages for which he is entitled to judgment.

60. Defendants' violations have been willful and/or in reckless disregard of Plaintiff's rights and entitle Plaintiff to liquidated and/or punitive damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

### Count 4: Ohio Minimum Wage Violations

### (Against GTS and Mr. Beseda)

61. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. Ohio wage law requires that employees receive a minimum hourly wage for all work their employers suffer, permit, or require them to perform. Art. II, Sec. 34a of the Ohio Constitution; O.R.C. Chapter 4111.

63. Based on the improper practices described herein, Defendants failed to comply with the requirements of Ohio law by paying Plaintiff less than the applicable minimum wage rate.

64. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution & O.R.C. Chapter 4111, including refusing and/or failing to calculate and pay Plaintiff's minimum wages as required by Ohio law.

65. Defendants' unlawful conduct directly and proximately caused Plaintiff to suffer damages for which he is entitled to judgment.

66. Plaintiff is entitled to triple damages for Defendants' minimum wage violations pursuant to Art. II, Sec. 34a, Ohio Constitution & O.R.C. Chapter 4111.

### Count 5: Breach of Contract

### (Against GTS and Mr. Beseda)

67. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

68. Mr. Ruffer agreed to perform services for GTS as its Sales Director for the agreed-upon salary of $150,00 per year.

69. Mr. Ruffer fully and faithfully always performed his duties as GTS's Sales Director during his employment.

70. GTS failed to pay Mr. Ruffer his full and agreed upon salary for the years 2017, 2018, or 2019.

71. GTS in in breach of its contact to pay Mr. Ruffer's contractual salary, in an amount to be proven at trial.

## Count 6: Quantum Meruit

### (Against GTS and Mr. Beseda)

72. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

73. Mr. Ruffer agreed to perform services for GTS as its Sales Director for the agreed-upon salary of $150,00 per year.

74. Mr. Ruffer fully and faithfully always performed his duties as GTS's Sales Director during his employment.

75. GTS failed to pay Mr. Ruffer his full and agreed upon salary for the years 2017, 2018, or 2019.

76. GTS has been unjustly enriched in an amount equal to Mr. Ruffer's unpaid salary, as it received the full benefit of Mr. Ruffer's work without fully compensating him for it.

## Count 7: Breach of Fiduciary Duty

### (Against All Defendants)

77. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

78. As an officer of GTS, Mr. Beseda owed a fiduciary responsibility to shareholders, including Plaintiff.

79. That fiduciary responsibility included offering discounted equity to shareholders such as Plaintiff at the same price as to insiders such as board members and non-board-member advisors, and further to disclosure, and not hide, the existence and nature of this offering to shareholders such as Plaintiff.

80. By acting as such, Mr. Beseda breached his fiduciary duty to Plaintiff.

## Prayer for Relief

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff;

B. Award compensatory damages to Plaintiff in the amount of his unpaid overtime wages, as well as liquidated damages in an equal amount;

C. Award compensatory damages to Plaintiff in the amount of his unpaid minimum wages, in addition to liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff under Ohio Constitution Art. II, § 34a;

D. Award Plaintiff unpaid wages pursuant to his contract of employment with GTS; and

E. Award Plaintiff compensatory and punitive damages; and

F. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

## Jury Demand

Plaintiff Scott Ruffer demands a trial by jury on all issues triable by a jury.

Respectfully submitted,

s/ Jonathan T. Hyman
Jonathan T. Hyman (0068812)
jhyman@meyersroman.com
MEYERS, ROMAN, FRIEDBERG & LEWIS
Eton Tower
28601 Chagrin Blvd., Suite 600
Cleveland, Ohio 44122
Phone: (216) 831-0042
Fax: (216) 831-0542

*Counsel for Plaintiff
Scott Ruffer*